IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. DALRYMPLE,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 1:23-cv-437-MHT-CWB |
| ) | |
| COFFEE COUNTY, ALABAMA,    ) | |
| et al.,    ) | |
| ) | |
| Defendants.    ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff initiated this action while incarcerated at the Coffee County Jail.  (Doc. 1). By Order entered July 24, 2023, Plaintiff was informed that he must submit either the $402.00 in required fees or a properly completed application for leave to proceed *in forma pauperis*. (Doc. 3).  Plaintiff also was informed that he must update the court in the event his address might change in the future.  (*Id.*).

The July 24, 2023 Order was returned, however, as "Return to Sender, Attempted-Unknown, Unable to Forward."  The court then issued a second Order requiring Plaintiff to file notice of his current address no later than August 24, 2023 and cautioning Plaintiff that "a failure to timely respond to this Order will result in a recommendation by the Magistrate Judge that this case be dismissed."  (Doc. 5).  That Order likewise was returned as undeliverable and marked "Return to Sender, Attempted-Unknown, Unable to Forward."

The undersigned views Plaintiff's failure to update the court and/or monitor the status as reflecting a lack of interest in the continued prosecution of this case, which cannot proceed absent his active participation.  Under the particular circumstances presented, the undersigned finds that any lesser sanctions than dismissal would not be appropriate.  *Link v. Wabash R.R. Co.*,

1

370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").  Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **September 20, 2023.**  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 6th day of September 2023.

_/s/ Chad W. Bryan_
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**